126 April 17, 2024 No. 250

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAKOTA JAMES CHRISTOPHER GLENN,
*Defendant-Appellant.*

Wasco County Circuit Court
22CR08316, 21CR23426, 20CR67893, 20CR60906;
A179149 (Control), A179150, A179151, A179152

Janet L. Stauffer, Judge.

Submitted on March 14, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

In this consolidated appeal, defendant appeals a judgment of conviction for second-degree robbery, first-degree burglary, and second-degree kidnapping.[1] Defendant assigns error to the trial court's denial of his motion for judgment of acquittal (MJOA) on the kidnapping charge and to the imposition of consecutive sentences. We affirm.

"On review of the denial of a motion for a judgment of acquittal, we examine the evidence in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential element of the crime beyond a reasonable doubt." *State v. Guerrero*, 331 Or App 384, 386, ___ P3d ___ (2024) (internal quotation marks and citation omitted).

As relevant to the kidnapping charge in this case, ORS 163.225(1) provides:

"(1)   A person commits the crime of kidnapping in the second degree if, with intent to interfere substantially with another's personal liberty, and without consent or legal authority, the person:

"(a)   Takes the person from one place to another[.]"

On appeal, defendant's argument focuses on the word "takes" in ORS 163.225(1)(a), which is commonly referred to as the asportation element. Defendant argues that "takes" in this context means "to seize or physically control another person," and that "to take requires evidence that defendant physically moved or controlled the victim's movement." Defendant asserts that he did not seize or physically control G, the victim, and that, instead, G offered to take defendant to the place where he said he had buried the gun that defendant was looking for.

We conclude that there was sufficient evidence from which a jury could find the asportation element.[2] There was

___

[1]  Defendant also appeals the judgments in Case Nos. 21CR23426, 20CR67893, and 20CR60906, but as he has not assigned error to any aspect of those cases, we affirm them.

[2]  Although we would not ordinarily construe the statute based on that single word rather than the relevant phrase as a whole in context, we assume without deciding that "takes" has the meaning that defendant proposes. We express no

evidence that defendant forced G to leave his home under threat of being shot, shoved him through the door, made him get into the car, including dictating where he sat, and caused him to be driven to a motel across the freeway, all under continuing threat of being shot. G wanted to walk to the motel across the street, but defendant ordered him to get into a specific seat in the car—a more isolated environment, where G had no control over where they went. That evidence was sufficient for the jury to find that defendant physically controlled G because G had an ongoing fear that defendant would shoot him, and that, while physically controlling G, defendant "took" G from one place to another within the meaning of ORS 163.225(1)(a).

In defendant's second assignment of error, he argues that the trial court erred by imposing the kidnapping sentence consecutive to the robbery sentence because consecutive sentences were not authorized under ORS 137.123. However, defendant did not make that argument below—rather, he acknowledged that consecutive sentences were permitted by ORS 137.123 but argued that a consecutive sentence was inappropriate on these facts. Because the claim of error is unpreserved and defendant has not requested plain-error review, we do not further address it.

Affirmed.

---

opinion whether ORS 163.225(1)(a) requires the state to prove that a defendant "seize[d] or physically control[ed]" the other person in order to "[t]ake[] the person from one place to another."